LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CLARA M. WILLIAMS,                                :
                                                  :    07 Civ.  2146 (DC) (KNF)
                Plaintiff,                 :
                                                  :
        - against -                              :    **COMPLAINT AND**
                                                  :    **DEMAND FOR JURY TRIAL**
UNITED JEWISH APPEAL - FEDERATION                 :
OF JEWISH PHILANTHROPIES OF NEW                   :
YORK, INC.,                                       :
                                                  :    ECF Case
                Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff Clara M. Williams (hereinafter "Williams"), by her attorneys, Levy Davis & Maher, LLP, complaining of defendant United Jewish Appeal - Federation of Jewish Philanthropies of New York, Inc., (hereinafter "UJA"), alleges:

### NATURE OF THE ACTION

       1.    This is an action under § 105(a) of the Family and Medical Leave Act of 1993 ("FMLA") and Title 8 of the Administrative Code of the City of New York ("NYCHRL" or "Administrative Code") to correct unlawful employment practices on the basis of Williams's family and medical leave status and/or relationship with a person with a disability.

       2.    Ms. Williams was employed by UJA as a supervisor in the accounts payable department for approximately 11 years.  She availed herself of FMLA-protected leave for 8 weeks during 2006 because she was needed to care for her mother, who was seriously ill.  Upon

her return, she notified her employer of her intention to take additional leave at the employer's convenience.  UJA, having granted the first requested leave, compounded Ms. Williams's workload, imposed artificial and unworkable deadlines and otherwise punished her for work left undone during the 8-week leave.   The punishment culminated in the termination of Ms. Williams's employment in retaliation for her exercise of FMLA rights and/or to interfere with the exercise of such rights.

3. Defendant's actions also constitute unlawful discrimination on account of Ms. Williams's relationship or association with a person with a disability.

4. Defendant's actions are unlawful, and Ms. Williams brings this action seeking back pay, injunctive and declaratory relief, compensatory, liquidated and punitive damages and other appropriate equitable and legal relief as may be necessary to compensate her.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to (i) 29 U.S.C. § 2617, (ii) 28 U.S.C. 1331, (iii) 28 U.S.C. § 1332(a)(1), (iv) 28 U.S.C. § 2201,  and (v) 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. The employment practices hereafter alleged to be unlawful were committed in the Southern  District of New York.  Defendant has offices and may be found in the Southern District of New York.  Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

7.      Plaintiff has satisfied the filing requirements of Title 8 of the Administrative Code of the City of New York.

## PARTIES

8.      Plaintiff Clara Williams is a natural person who resides in the City of Teaneck, County of Bergen, State of New Jersey.  She was employed by the UJA and/or its predecessor in interest from on or about November 23, 1994 to on or about October 13, 2006.  Ms. Williams was, at all relevant times, an eligible employee as that term is defined by 26 U.S.C. § 2612(2)(A).

9.      Upon information and belief, UJA is a domestic not for profit corporation organized under the laws of the State of New York.  UJA maintains its principal place of business at 130 East 59th Street in New York, New York.

10.     At all relevant times, the UJA was and is an employer within the meaning of 29 U.S.C. § 2611(4)(A)(I).   At all relevant times, defendant was and is an "employer" within the meaning of the NYCHRL.

## STATEMENT OF THE CLAIM

11.     Plaintiff incorporates by reference Paragraphs 1 through 10 of this Complaint as though the same were set forth fully herein.

12.      Ms. Williams was employed by the UJA as an accounts payable supervisor  for approximately 11 years.

13.     During Ms. Williams's term of employment, she consistently performed her work in a satisfactory manner.

14. Ms. Williams's mother, Carrie Mitchell, (hereinafter "Mitchell") suffers from Alzheimer's Disease and other health conditions. Ms. Mitchell lives in a nursing home in Teaneck, New Jersey. Having been advised by her Ms. Mitchell's health care provider that Ms. Mitchell would benefit from daily help and support from a family member, plaintiff applied for eight weeks' leave from her job.

15. Ms. Williams was needed to care for her mother as the term is defined at 29 C.F.R. § 825.116.

16. Ms. Mitchell is a parent as the term is defined at 29 U.S.C. § 2611(7).

17. Ms. Mitchell's Alzheimer's Disease is a serious health condition within the meaning of 29 U.S.C. § 2611(11).

18. Ms. Williams duly and timely documented the need for the leave. UJA granted the leave from July 24, 2006 to September 16, 2006.

19. Ms. Williams returned to work on or about September 18, 2006.

20. On that date, Ms. Williams applied for an additional 21 days family leave to begin on September 29, 2006 or October 20, 2006.

21. On or about October 13, 2006, UJA terminated Ms. Williams's employment.

22. Defendant's actions were intentional and in reckless disregard of the health and well being of the plaintiff. As a result of these acts, the plaintiff has suffered grievous and extensive damages, including, but not limited to, lost wages and benefits, liquidated damages, pain and suffering, humiliation, embarrassment, attorney's fees and the costs of this action.

## COUNT I - VIOLATIONS OF
## THE FAMILY AND MEDICAL LEAVE ACT OF 1993

23. Plaintiff incorporates by reference Paragraphs 1 through 22 of this Complaint as though the same were set forth fully herein.

24. Defendant's employment practices complained of herein violate 29 U.S.C. § 2615(a) in that such practices interfere with the exercise of FMLA-protected rights.

25. UJA violated Section 105 of the FMLA and Section 825.200 of the United States Department of Labor regulations implementing the FMLA by interfering with Ms. Williams's entitlement to and FMLA-protected family leave of absence, the medical need for which had been certified by Ms. Mitchell's health care provider, and thereafter terminating Ms. Williams following her return from FMLA-protected family leave of absence and to prevent her from taking another such leave.

26. Defendant's acts as set forth hereinabove were willful.

## COUNT II - VIOLATIONS OF THE
## ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

27. Plaintiff incorporates by reference Paragraphs 1 through 26 of this Complaint as though the same were set forth fully herein.

28. At all relevant times, plaintiff was a person within the meaning of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. At all relevant times, her relationship with her mother was a "relationship or association" within the meaning of Admin. Code § 8-107(20). At all relevant times, Ms. Mitchell's condition and the continuing infirmity

associated therewith constituted a "disability" within the meaning of the NYCHRL, N.Y.C. Admin. Code § 8-107(20).

29. Defendant discriminated against Ms. Williams when it discharged her on account of her relationship or association with a person with a disability.

30. Defendant's actions were intentional and in reckless disregard of the health and well being of the plaintiff.  As a result of these acts, the plaintiff has suffered grievous and extensive damages, including, but not limited to, pain and suffering, humiliation and embarrassment, lost wages and benefits.  The amount of such damages, exclusive of costs and interest, is in excess of $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Clara M. Williams respectfully requests that this Court grant the following relief:

A. Declare the defendant's conduct complained of herein to be in violation of plaintiff's rights as secured by the Family and Medical Leave Act of 1993;

B. Order the UJA to make the plaintiff whole by providing appropriate lost earnings and benefits, with pre-judgment interest, and other affirmative relief including, but not limited to, front pay;

C. Order the UJA to pay the plaintiff liquidated damages as provided in 29 U.S.C. § 2617;

D. Order UJA to pay the plaintiff compensatory damages to be determined by the jury at the time of trial;

F.  Order UJA to pay the plaintiff punitive damages to be determined by the jury at the time of trial;

G.  Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action;  and

H.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: New York, New York
       March 13, 2007

Respectfully submitted,

LEVY DAVIS & MAHER, LLP

By:  _____/s/_____

Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
880 Third Avenue, 9th Floor
New York, New York 10022
(212) 371-0033